People v Dukelow (2020 NY Slip Op 02564)





People v Dukelow


2020 NY Slip Op 02564


Decided on May 1, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., TROUTMAN, WINSLOW, AND DEJOSEPH, JJ.


322 KA 19-00584

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JUSTIN DUKELOW, DEFENDANT-APPELLANT.






DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (THERESA L. PREZIOSO OF COUNSEL), FOR DEFENDANT-APPELLANT.
CAROLINE A. WOJTASZEK, DISTRICT ATTORNEY, LOCKPORT (LAURA T. JORDAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), rendered February 4, 2019. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment revoking the sentence of probation previously imposed upon his conviction of sexual abuse in the first degree (Penal Law § 130.65 [3]) and sentencing him to a determinate term of imprisonment, followed by a period of postrelease supervision. Even assuming, arguendo, that defendant's waiver of the right to appeal during the underlying plea proceeding was valid, we conclude that the waiver does not encompass his challenge to the severity of the sentence imposed following his violation of probation (see People v Giuliano, 151 AD3d 1958, 1959 [4th Dept 2017], lv denied 30 NY3d 949 [2017]; People v Tedesco, 143 AD3d 1279, 1279 [4th Dept 2016], lv denied 28 NY3d 1075 [2016]). We further conclude, however, that the sentence imposed upon defendant's violation of probation is not unduly harsh or severe.
Entered: May 1, 2020
Mark W. Bennett
Clerk of the Court